IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| UNITED STATES OF AMERICA | ) |
| | ) |
| v. | )  Criminal No. 08-68 |
| | ) |
| TERRANCE HOWARD WELLS, | ) |
| Defendant. | ) |

**MEMORANDUM ORDER**

Presently before the Court are Defendant Terrance Howard Wells' pro se Motion for Compassionate Release, (Docket No. 192), the Government's Response in opposition, (Docket No. 195), and Defendant's Reply, (Docket Nos. 197). The motion has been supplemented with Defendant's medical records and other relevant evidence. (Docket Nos. 192; 195; 197). Defendant seeks to reduce the 130-month sentence in this case to time served based on his physical and mental health conditions including hypertension, anxiety, depression and PTSD, as well as the risks posed by the COVID-19 pandemic, including the spread of same at FCI Allenwood Low. (Docket Nos. 192; 197). The Government counters that compassionate release is not warranted because: Defendant's medical records do not support a conclusion that he is at high risk for severe symptoms if he contracts COVID-19 nor is he unable to provide self-care within the correctional environment during the pandemic; and, the § 3553(a) factors otherwise do not justify a reduction in his sentence for the very serious criminal charges at issue in this case. (Docket Nos. 195). After careful consideration of the parties' positions and for the following reasons, Defendant's Motion [192] is denied, as the Court declines to exercise its discretion to reduce his sentence at this time.

The Court initially turns to the prevailing legal standard. "[A]s a general matter, a court cannot modify a term of imprisonment after it has been imposed without specific authorization."

1

*McMillan v. United States*, 257 F. App'x 477, 479 (3d Cir. 2007); *see also Dillon v. United States*, 560 U.S. 817, 819 (2010) ("A federal court generally may not modify a term of imprisonment once it has been imposed."). One such specific authorization is the First Step Act's amendment of 18 U.S.C. § 3582. *See United States v. Pawlowski*, 967 F.3d 327, 329 (3d Cir. 2020). Pursuant to that provision, a court may modify a defendant's term of imprisonment if "extraordinary and compelling reasons warrant such a reduction." 18 U.S.C. § 3582(c)(1)(A)(i).

> In addition, the reviewing court must consider: (1) whether the defendant has exhausted the appropriate administrative remedies; (2) the factors set forth in 18 U.S.C. § 3553(a) to the extent that they are applicable; and (3) whether such a reduction is consistent with applicable policy statements issued by the Sentencing Commission.

*United States v. Burrus,* Crim. No. 19-284, 2020 WL 3799753, at *4 (W.D. Pa. Jul. 7, 2020) (citing *Graves*, Crim. No. 17-318, Docket No. 28 (W.D. Pa. Jun. 10, 2020) (Hornak, J.) and 18 U.S.C. § 3582(c)(1)(A)(i)).

At the outset, the Government does not contest that Defendant has sufficiently exhausted administrative remedies as he made a request to the Warden at FCI Allenwood Low which was denied. (Docket No. 195 at 6). However, the Government opposes the remaining factors and his request for compassionate release. (Docket No. 195). Hence, it is Defendant's burden to show: "extraordinary and compelling reasons" justifying such reduction, 18 U.S.C. § 3582(c)(1)(A)(i); that the section 3553(a) factors support the requested reduction; and "whether such a reduction is consistent with the applicable policy statements issued by the Sentencing Commission." *Burrus*, 2020 WL 3799753, at *4 (citation omitted). In addition, under the relevant policy statement in the Guidelines, the Court is to consider whether the defendant is a danger to the safety of any other person or the community as provided in 18 U.S.C. § 3142(g). *See* U.S.S.G. § 1B1.13(2).

In this Court's estimation, Defendant has not sufficiently demonstrated that the Court should exercise its discretion to grant him compassionate release based on his medical ailments, which appear to be controlled with adequate treatment, the general risks posed by the COVID-19 pandemic and the spread of COVID-19 at the institution where he is housed. The Court of Appeals has held that "the mere existence of COVID-19 in society and the possibility that it may spread to a particular prison alone cannot independently justify compassionate release, especially considering BOP's statutory role, and its extensive and professional efforts to curtail the virus's spread." *United States v. Raia*, 954 F.3d 594, 597 (3d Cir. 2020); *cf. United States v. Roeder*, 807 F. App'x 157, 161 (3d Cir. 2020) ("the existence of some health risk to every federal prisoner as the result of this global pandemic does not, without more, provide the sole basis for granting release to each and every prisoner within our Circuit."). The Court recognizes that there has been a recent outbreak of COVID-19 cases at FCI Allenwood Low, as the BOP is currently reporting 135 positive cases among the inmate population. *See* https://www.bop.gov/coronavirus/ (last visited 12/22/2020). However, the Court has not been presented with any evidence that Defendant has tested positive or exhibited any symptoms consistent with COVID-19. Additionally, the BOP reports that 45 inmates have recovered and there have been no deaths at the facility. In any event, this Court has recognized that "[t]he existence of the virus in a prison – even the level of infection at [an institution where an outbreak has occurred] – is not sufficient to establish extraordinary and compelling circumstances without some proof that the defendant is at more severe risk for infection than his fellow inmates." *United States v. Williams*, No. CR 18-335, 2020 WL 4934659, at *5 (W.D. Pa. Aug. 24, 2020) (quoting *United States v. Thornton*, Crim. No. 2:18-167, 2020 WL 4368155, at *4 (W.D. Pa. Jul. 29, 2020)).

Next, neither Defendant's age of 34 nor any of his physical or mental health ailments, (including, hypertension, anxiety, depression and PTSD), are listed by the CDC as presenting a severe risk of complications from COVID-19. *See e.g., United States v. Solomon*, No. CR 05-350, 2020 WL 5231326, at *5, n.5 (W.D. Pa. Sept. 2, 2020) ("The CDC has stated that individuals with moderate to severe asthma or hypertension 'might be at an increased risk for severe illness from COVID-19.'"). As the Government points out, Defendant's medical records demonstrate that he presented with high blood pressure on two occasions over the past three years, with readings of 134/88 on August 10, 2017 during a dental procedure and 129/83 on June 12, 2019, during a preventative health screening. (Docket No. 195-5 at 5). The medical records do not reveal that he has had consistently high blood pressure and do not indicate that he has required medication or any other treatment for same. (*Id*.). In addition, the mental health ailments he has reported, (i.e., depression, anxiety, PTSD), are not listed by the CDC as increasing the risk of severe cases of COVID-19. *See e.g., United States v. Edmonds*, No. CR 18-00070, 2020 WL 7364532, at *2 (E.D. Pa. Dec. 15, 2020) ("PTSD is not a COVID-19 risk factor."); *United States v. Moldover*, No. CR 14-637, 2020 WL 6731111, at *9 (E.D. Pa. Nov. 13, 2020) ("Defendant's other conditions—depression, anxiety disorder, nerve damage, and hyperlipidemia—are not listed in either category.").

All told, Defendant is not entitled to compassionate release because he has failed to show that he "suffers from a terminal illness or an ailment, which, coupled with the potential spread of COVID-19, would make [him] unable to provide self-care in a correctional environment." *United States v. Wallace*, Crim. No. 19-49, Civ. No. 20-637, 2020 WL 4003663, at *4 (W.D. Pa. Jul. 15, 2020) (citing *United States v. Hammond*, Crim. No. 18-184, 2020 WL 2126783, at *4 (W.D. Pa. May 5, 2020)).

Even if Defendant had met his burden to show extraordinary and compelling reasons for release, the risks presented by his medical conditions and the COVID-19 pandemic do not outweigh the other § 3553(a) factors supporting the 130-month term of incarceration in his case, of which he has at least 20 months remaining until his projected release date of August 6, 2022. *See Pawlowski*, 967 F.3d at 330 ("we cannot conclude that the District Court acted unreasonably in determining that the substantial sentencing reduction required for granting compassionate release here—a reduction from 15 years to less than two years—would be inconsistent with the § 3553(a) factors."). The Court has once again carefully considered all of the § 3553(a) factors and finds that Defendant's "history and characteristics" and "the need for the sentence imposed to reflect the seriousness of the offense, to promote respect for the law, … to provide just punishment for the offense[, and] to afford adequate deterrence to criminal conduct," do not justify a sentence reduction here. 18 U.S.C. §§ 3553(a)(1), (a)(2)(A)-(B).

To that end, Defendant was initially sentenced to the mandatory minimum penalty of 180 months' incarceration following his convictions for conspiracy to distribute and possess with intent to distribute 50 grams or more of crack cocaine, in violation of 21 U.S.C. § 846 (Count 1) and carrying a firearm in furtherance of a drug trafficking offense in violation of 18 U.S.C. § 924(c)(1)(A)(i) (Count 5). After the First Step Act authorized sentence reductions for offenders who were sentenced prior to the reduction in penalties for crack cocaine offenses, the parties agreed that Defendant's sentence should be reduced to 130 months' incarceration. (Docket No. 183). The Court accepted their agreement and reduced his sentence on April 23, 2019. (Docket Nos. 185; 186). Neither party appealed the length of the sentence and the Court believes that such sentence remains sufficient, but not greater than necessary to meet all of the goals of sentencing in this case. *See* 18 U.S.C. § 3553(a)(1). The 130-month sentence accounts for the gravity of the

offense conduct, as Defendant: was involved in sales of crack cocaine and a .40 caliber semiautomatic firearm to a confidential informant; was in criminal history category V with numerous prior convictions; was on parole at the time for a prior state sentence; and, was also facing separate charges in Mercer County for an aggravated assault conviction for which he was later sentenced to 21 to 60 months' incarceration. *See Commonwealth of Pennsylvania v. Terrance H. Wells, Jr.*, CP-43-CR-0001597-2007 (September 10, 2010).

To his credit, Defendant has acknowledged the wrongfulness of his conduct, maintained family ties and completed programs to better himself which will assist him in reintegrating into society upon his release.  (*See* Docket Nos. 192; 197).  However, there remains a need to deter Defendant from committing additional crimes because lesser sentences for prior convictions including shorter periods of incarceration and probationary terms, were insufficient to dissuade him from engaging in serous criminal conduct of distributing illegal narcotics and a firearm.  *See* 18 U.S.C. § 3553(a)(2).  As this Court has held, drugs and guns are a dangerous mix and pose a significant threat to the community.  *See e.g., United States v. Oliver*, Crim. No. 16-40, 2016 WL 1746853, at *9 (W.D. Pa. May 3, 2016) ("Of course, the utilization of firearms in furtherance of drug trafficking poses a significant threat of violence."); *see also* 18 U.S.C. § 3142(g).  Finally, the 130-month sentence provides general deterrence to others and also promotes respect for the law while the substantial sentence reduction requested by the defense "would be inconsistent with the section 3553(a) factors."  *Pawlowski*, 967 F.3d at 330.

For all of these reasons,

IT IS HEREBY ORDERED that Defendant's Motion seeking compassionate release [192] is DENIED.

*s/Nora Barry Fischer*
Nora Barry Fischer, Senior U.S. District Judge

Date:    December 22, 2020

cc/ecf:  All counsel of record.

        Terrance Howard Wells
        BOP # 09853-068
        FCI Allenwood Low
        P.O. Box 100
        White Deer, PA 17887
        (via U.S. mail)